961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie R. Teasley, Petitioner-Appellant,
v.
J.H. ROSE, Warden, Respondent-Appellee.
 No. 92-5116.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1992.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges; and RONEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He includes in his brief on appeal a request for the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ronnie Teasley and three codefendants were indicted on charges of first degree murder while employing a firearm. Following a jury trial, Teasley was convicted of first degree murder and sentenced to life imprisonment plus five years for the firearm specification. The conviction was affirmed on appeal. State v. Rucker, No. 87-270-II (Tenn.Crim.App. May 19, 1990). The Tennessee Supreme Court denied leave to appeal.
 
 
 3
 In his petition for a writ of habeas corpus, Teasley asserted that the evidence was insufficient to support the conviction. Upon review of the findings of fact as set forth by the Tennessee Court of Appeals, the magistrate judge recommended that the petition be denied. In his objections to the report and recommendation, Teasley maintained that he was wrongfully convicted of first degree murder as an aider and abettor because he was indicted for the murder as a principal. The district court overruled Teasley's objections and denied the petition. This appeal followed.
 
 
 4
 Upon review, we conclude that the petition was properly dismissed because Teasley received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The evidence, when viewed in a light favorable to the prosecution, was sufficient for a rational trier of fact to find the elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 5
 Unchallenged findings of the state court are entitled to a presumption of correctness. See 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 597 (1981). Teasley did not allege that the state court findings were incorrect under the criteria set out in 28 U.S.C. § 2254(d).
 
 
 6
 The state court found in part that Teasley was one of four men who approached the area where the victim was helping a friend wash the friend's truck. The first two men who arrived got involved in a scuffle with the victim which resulted in the victim getting shot. Shortly thereafter, Teasley arrived and shot towards the victim as the victim tried to walk onto a nearby porch. It appeared, however, that Teasley shot at the ground. Gunshots fired by Teasley did not strike the victim or cause the victim's death. Additionally, one of Teasley's codefendants testified that Teasley had a gun and that the victim had previously robbed Teasley.
 
 
 7
 Under Tennessee law, an aider and abettor bears the same liability as a principal. See State v. Hopper, 695 S.W.2d 530, 535 (Tenn.Crim.App.1985). Moreover, where evidence shows an accused aided or abetted, he is a principal, and a charge in the indictment against him as a principal carries with it all the nuances of the offense. State v. Lequire, 634 S.W.2d 608, 615 (Tenn.Crim.App.1981). The evidence was sufficient under Jackson to support a finding that Teasley was a willing participant in the murder even though he did not fire the fatal shot.
 
 
 8
 Accordingly, the request for appointment of counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge, U.S. Court of Appeals for the Eleventh Circuit, sitting by designation