IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 6, 2004

## JOHNNY L. McGOWAN, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 27902, 27903   Don Ash, Judge**

---

**No. M2003-01759-CCA-R3-HC - Filed June 7, 2004**

---

The Petitioner, Johnny L. McGowan, Jr., pled guilty in 1994 to aggravated arson, arson, six counts of reckless endangerment with a deadly weapon and two counts of vandalism, and the trial court sentenced him to twenty years in prison, to be served concurrently with a sentence from a previous conviction. In 2003, the Petitioner filed two pro se petitions for writs of habeas corpus in case numbers 27902 and 27903 alleging that his guilty pleas were not entered knowingly and voluntarily and requesting that the trial court appoint him counsel. The trial court summarily dismissed the petitions because it found that the Petitioner's claims, considered in the light most favorable to him, would at best render his convictions voidable and not void. On appeal, the Petitioner contends that the trial court erred by denying his request for appointment of counsel and by dismissing his petitions because there were "fatal variances" between the indictments and the evidence contained in the record. Finding no reversible error, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Johnny L. McGowan, Jr., Pro se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts**

On January 24, 1994, the Petitioner pled guilty in the Circuit Court for Rutherford County to the following offenses: aggravated arson in case number 27903; arson in case number 27902; six counts of reckless endangerment with a deadly weapon; and two counts of vandalism. The Petitioner received a sentence of twenty years for aggravated arson, five years for arson and one year on each of the eight remaining counts. The trial court ordered all sentences to run concurrently with the

twenty-year sentence for aggravated arson. The judgment also reflects that the trial court ordered the twenty-year sentence to run concurrently with a prior, unrelated case in Rutherford County, bearing case number 27110. The record does not contain any details about case number 27110.

According to the Petitioner's appellate brief, the Petitioner filed two habeas corpus petitions in April of 2003 in case numbers 27902 and 27903 alleging that his guilty pleas were not entered knowingly and voluntarily and requesting that the trial court appoint him counsel. On June 5, 2003, the trial court summarily dismissed the petitions because it found that the Petitioner's claims, considered in the light most favorable to him, would at best render his convictions voidable and not void. The Petitioner appeals from the trial court's orders.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred by denying his request for appointment of counsel and by dismissing his petitions because there were "fatal variances" between the indictments and the evidence contained in the record.

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2000). The grounds upon which habeas corpus relief will be granted are very narrow. See State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence a defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superceded by statute as stated in* (State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed.* Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Passarella, 891 S.W.2d at 627; Rodney Buford v. State,

No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). Because the determination of whether habeas corpus relief should be granted is a question of law, our review is <u>de novo</u> with no presumption of correctness. <u>Hart v. State</u>, 21 S.W.3d 901, 903 (Tenn. 2000).

The State contends that the Petitioner failed to include the petitions for habeas corpus relief in the appellate record, and, therefore, this Court must presume that the trial court's judgments are correct. We agree with the State. After thoroughly reviewing the appellate record, we cannot find the habeas corpus petitions for case numbers 27902 and 27903 in the appellate record.[1] It is the duty of the Petitioner to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of his appeal. Tenn. R. App. P. 24(b); <u>State v. Bunch</u>, 646 S.W.2d 158, 160 (Tenn. 1983); <u>State v. Gibson</u>, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997); <u>State v. Hopper</u>, 695 S.W.2d 530, 537 (Tenn. Crim. App. 1985). When the record is incomplete, or does not contain the proceedings relevant to an issue, this Court is precluded from considering this issue. <u>Gibson</u>, 973 S.W.2d at 244; <u>Hopper</u>, 695 S.W.2d at 537; <u>State v. Morton</u>, 639 S.W.2d 666, 668 (Tenn. Crim. App. 1982). Furthermore, this Court must conclusively presume that the ruling of the trial court was correct in all particulars. <u>Gibson</u>, 973 S.W.2d at 244; <u>State v. Taylor</u>, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983). Without the two habeas corpus petitions, we are unable to conduct a <u>de novo</u> review to determine whether habeas corpus relief should be granted in this case. Accordingly, because the Petitioner failed to file the two habeas corpus petitions at issue in this case in the appellate record, we must presume that the trial court's judgments summarily dismissing the petitions without appointment of counsel are correct.

## III. Conclusion

In accordance with the foregoing authorities and reasoning, we AFFIRM the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1]We note that the appellate record includes a letter to Judge Clayton of the Rutherford County Circuit Court regarding case number 27903 dated October 22, 2001. While this letter has the substance of a habeas corpus petition, the issues raised within the letter differ from the issues covered by the trial court's order summarily dismissing the Petitioner's petition entered on June 5, 2003. Clearly, the trial court did not rely upon this letter when it entered orders dismissing the two habeas corpus petitions in this case. Moreover, the Petitioner stated in his appellate brief that he filed two habeas corpus petitions for case numbers 27902 and 27903 in April of 2003. Therefore, we conclude that the October 22, 2001, letter from the Petitioner does not suffice as the Petitioner's habeas corpus petition in this case.