IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

## WILLIAM BROWN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. 203-080   R.E. Lee Davies, Judge**

---

**No. M2004-01898-CCA-R3-PC - Filed May 17, 2005**

---

The petitioner, William Brown, appeals the trial court's denial of his petition for post-conviction relief.  The single issue presented for review is whether the petitioner was denied the effective assistance of counsel.  After reviewing the record, we affirm the dismissal of the petition for post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Dana M. Ausbrooks, Franklin, Tennessee, for the appellant, William Brown.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Mary Katharine White, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Facts and Procedural History

In June 2002 the petitioner pled guilty to aggravated robbery, a Class B felony, and received a sentence of twenty years in the Department of Correction as a Range II offender.  In February 2003 the petitioner filed a pro-se post-conviction petition, arguing that the conviction was based upon an involuntary guilty plea, illegal evidence, and that he received ineffective assistance of counsel.  Thereafter, post-conviction counsel was appointed and an amended petition was filed.  The amended petition consolidated the petitioner's arguments into the single issue of ineffective assistance of counsel.

In a hearing conducted on the petition in April 2004, the petitioner testified that he entered an involuntary plea because counsel never advised him as to his potential sentence.  He stated that,

had he been properly informed, he would have insisted on proceeding to trial. He also complained that counsel failed to call a witness and failed to allow him to testify at the sentencing hearing. To the contrary, counsel testified that it was the petitioner's decision not to proceed to trial and not to testify at the sentencing hearing. Counsel further testified that the petitioner specifically asked her not to call the witness at the sentencing hearing.

In an order denying post-conviction relief, the trial court stated:

> The case was set for trial; however, after reviewing his confession with [counsel] on more than one occasion, [the petitioner] made a decision he did not wish to go to trial and agreed to plead guilty to the charge of aggravated robbery as a Range II offender.
>
> [The petitioner] plead guilty on June 5, 2002. At this hearing the trial court made it clear to [the petitioner] that [the petitioner] was offering to plead guilty as a Range II offender which carried with it a range of punishment from twelve to twenty years and that the sentence phase would be conducted by the trial court at a later date. The trial court specifically asked [the petitioner] if any promises had been made to him regarding the plea agreement. [The petitioner] said no. The trial court then asked [the petitioner] if he was satisfied with the services of his attorney. [The petitioner] said yes. These statements by [the petitioner] completely undercut his main complaint regarding [counsel] that she promised him if he would make an open plea, she could guarantee a twelve-year sentence.
>
> [The petitioner] also complains about [counsel's] assistance at the sentencing hearing. The Court finds [that counsel] discussed the option of testifying with [the petitioner] and that [the petitioner] made the decision not to testify. [The petitioner] also requested [counsel] not to subpoena his grandmother because of her health.
>
> After reviewing the videotapes of the hearings on February 26, 2002, June 5, 2002 and September 27, 2002, and after reviewing the testimony of [the petitioner] and [counsel] in this hearing, the Court concludes [that counsel] was well prepared and represented her client within the range of confidence demanded of attorneys in criminal cases.

The petitioner now brings this appeal.

## Analysis

The petitioner argues that his trial counsel was deficient for failing to: (1) properly advise him concerning his sentence and for refusing to proceed to trial; (2) call a witness at the sentencing hearing; and (3) allow him to testify at the sentencing hearing.

In order to succeed on a post-conviction claim, the petitioner bears the burden of showing, by clear and convincing evidence, the allegations set forth in the petition. Tenn. Code Ann. § 40-30-110(f) (2003). To support a claim of ineffective assistance of counsel, the petitioner bears the burden

of showing that his counsel's performance fell below the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This showing requires evidence that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). To satisfy the "prejudice" prong in a case in which the petitioner pled guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The underlying issues in claims of ineffective assistance of counsel are regarded as mixed questions of law and fact. Burns, 6 S.W.3d at 461. As such, our review is *de novo* with a presumption of correctness given to the post-conviction court's findings of fact unless the evidence preponderates otherwise. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

The petitioner argues that counsel was ineffective for failing to call a witness at his sentencing hearing. Counsel testified that the petitioner specifically requested her not to call this witness. The trial court accredited counsel's testimony and found the issue to be without merit. Review of this finding is unnecessary as the issue lacks merit because the petitioner failed to present the witness at the post-conviction hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, this presentation is the only way a petitioner can prove: (1) a material witness existed who could have been discovered but for counsel's negligent investigation of the case; (2) a known witness was not interviewed; (3) the failure to discover or interview the witness caused him prejudice; or (4) the failure to present a known witness resulted in the denial of critical evidence which caused the petitioner prejudice. Id.

The petitioner next argues that he entered an involuntary plea due to the ineffective assistance of counsel. The trial court based its findings on this issue upon the testimony of counsel and the petitioner at the post-conviction hearing and upon the transcript of the sentencing and guilty plea hearings. The record before this Court is absent transcripts of the sentencing and guilty plea hearings. In the absence of an adequate record, it will be presumed that the evidence supports the trial court's rulings or actions. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Jones, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981). It is the duty of the petitioner to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues which form the basis of his appeal. Tenn. R. App. P. 24(b); See State v. Hopper, 695 S.W.2d 530, 537 (Tenn. Crim. App. 1985). Consequently, we determine that the trial court's finding, that the petitioner entered a voluntary plea, is correct.

In his final argument, the petitioner contends that counsel was ineffective for denying him the right to testify at the sentencing hearing. Counsel testified at the post-conviction hearing that she gave the petitioner advice concerning whether or not he should testify, but left the ultimate decision up to the petitioner. Counsel stated that the petitioner whispered his decision not to testify to her during the sentencing hearing. To the contrary, the petitioner testified that he specifically asked

counsel to allow him to testify.  The trial court accredited the testimony of counsel, finding that "[counsel] discussed the option of testifying . . . and that [the petitioner] made the decision not to testify."  The evidence does not preponderate against this finding.

## Conclusion

Based upon the foregoing, we affirm the dismissal of the petition for post-conviction relief.


_____
J.C. McLIN, JUDGE