IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2006

## STATE OF TENNESSEE v. DAVID JONES MILTON

**Appeal from the Circuit Court for Carroll County**
**No. 04cr-21     C. Creed McGinley, Judge**

---

**No. W2005-00646-CCA-R3-CD  - Filed April 28, 2006**

---

The Appellant, David Jones Milton, was convicted by a Carroll County jury of aggravated sexual battery, a Class B felony, and sentenced to a term of fifteen years in the Department of Correction. On appeal, Milton raises the single issue of whether the evidence is sufficient to support the conviction. After review of the record, we affirm the judgment of conviction.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Billy R. Rose, Jr., Assistant District Public Defender, Camden, Tennessee, for the Appellant, David Jones Milton.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and Stephen D. Jackson, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On October 8, 2003, the Appellant phoned the thirty-eight year old victim and told her that he wanted to come to her apartment in McKenzie. Present in the apartment at the time were the victim, her sister Geraldine, the victim's brother-in-law Doyle, and Carl, a friend. Although not developed at trial, we glean from the record that the victim lived alone in her apartment in the "projects" and attended a "developmental" center, which she also referred to as "CDS," the "school," and the "Center." She explained that at the Center, she was taught how to live alone, how to cook, how to use the telephone to call for help, and to tell the truth. The proof established that the victim's sister, Geraldine, and Carl also attend the school with the victim.

According to the victim, she had never met the Appellant prior to October 8. He had, however, sent her four or five notes in which he was "talking nasty," in addition to contacting her by telephone on several occasions. The victim told the Appellant that he could not come to her apartment because she had company. However, the Appellant arrived at the apartment a short while later and was permitted to enter by Doyle. The group remained in the living room for a short period of time talking and introducing themselves.

Unexpectedly, the Appellant grabbed the victim by her arm and "drug" her to her bedroom, where he proceeded to use a dresser to barricade the door. The victim was screaming that she did not want to go into the room with the Appellant. Carl and Doyle attempted to enter the room but were unable to do so. Carl did manage to push the door open somewhat and saw the Appellant on top of the victim, who was kicking the Appellant and screaming. The Appellant removed the victim's clothing, tearing them in the process. Despite her screams and protests, the Appellant proceeded to sexually penetrate the victim vaginally. Afterwards, the Appellant returned with the victim to the living room, which was occupied by the other three guests, and they continued to converse and watch a basketball game on television. Approximately fifteen minutes later, the Appellant again physically dragged the victim back to the bedroom where he proceeded to sexually penetrate her anally. The Appellant then stole the victim's "nerve medication" and used the victim's telephone to call for a ride. He then left the apartment. The victim, emotionally upset and frightened, told the others not to call the police.

However, two days later the victim sought treatment at the emergency room of a local hospital and informed the treating physician's assistant that she had been raped by the Appellant. She complained of pain in her vulva and anus. The examination conducted revealed an abrasion and hematoma on the labia majora of the vagina, in addition to an anal tear, which are injuries consistent with rape. During the examination, the victim was emotional and crying. As a result of the examination and the victim's claims, the police were called and an investigation began.

The Appellant initially gave a statement to Tim Nanney, an investigator with the McKenzie Police Department, in which he denied knowing the victim, further stating, "All those people are retarded." However, he later admitted knowing the victim, but he still maintained that he did not have sexual intercourse with her. Finally, the Appellant gave a statement admitting that he had sex with the victim on the night in question but maintained that it was consensual. In the statement, he asserted that the victim had called him and asked him to come to the apartment and that it was the victim who led him into the bedroom. His statement was consistent with the victim's in that he stated they first had sex vaginally, then returned to the living room for a few minutes, before the victim asked him if he wanted to return to the bedroom. At that point, the Appellant claims he penetrated the victim anally but stopped when she told him that it hurt.

On January 5, 2004, a Carroll County grand jury returned an indictment against the Appellant charging him with one count of aggravated rape. A jury trial was held on June 11, 2004. Following the State's election to proceed on the vaginal rape incident, the jury convicted the Appellant of the lesser offense of aggravated sexual battery. Following a sentencing hearing, the trial court sentenced

the Appellant, as a Range II multiple offender, to a term of fifteen years in the Department of Correction. The Appellant later filed a motion for new trial raising only the issue of sufficiency of the evidence. Following the trial court's denial of the motion on February 15, 2005, the Appellant filed the instant timely appeal.

## Analysis

On appeal, the Appellant has raised the single issue of sufficiency of the evidence, arguing that "under the circumstances and the entire case that the evidence does not justify the guilty verdict which was returned." Within his sufficiency argument, the Appellant also asserts that because the State elected to proceed on the first incident of vaginal rape, "[a]ny testimony concerning the second trip to the bedroom is legally irrelevant but also prejudicial. The jury heard evidence that could not properly be used as a foundation for a guilty verdict. The evidence that could be properly considered was not sufficient to sustain a guilty verdict." We disagree.

Initially, we note that within his sufficiency argument, the Appellant appears to be challenging evidentiary issues, *i.e.*, the admissibility of any evidence regarding the second instance of rape. The State contends that any consideration of this issue is waived based upon the Appellant's failure to contemporaneously object at trial, as well as his failure to raise the issue in the motion for new trial. We must agree with the State. By failing to object at trial, the Appellant "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). "When a party does not object to the admissibility of evidence, . . . the evidence becomes admissible notwithstanding any other rule of evidence to the contrary, and the jury may consider that evidence for its 'natural probative effects as if it were in law admissible.'" *State v. Smith*, 24 S.W.3d 274, 280 (Tenn. 2000) (quoting *State v. Harrington*, 627 S.W.2d 345, 348 (Tenn. 1981)). "In the absence of a contemporaneous objection to proffered evidence in a criminal prosecution, the evidence is competent, and any complaint about the admission of such evidence is waived." *State v. Hopper*, 695 S.W.2d 530, 536 (Tenn. Crim. App. 1985). Moreover, failure to raise an evidentiary issue in a motion for new trial constitutes waiver as well. Tenn. R. App. P. 3(e); *State v. Leach*, 148 S.W.3d 42, 55 (Tenn. 2004). Thus, we are not permitted to address the merits of the Appellant's claim with regard to this assertion.[1]

With regard to the sufficiency of the evidence, our standard of review is, after considering all the evidence in the light most favorable to the State, whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e);

---

[1] We would nonetheless note that our review would not have revealed error. The doctrine of election requires the State to elect a set of facts when it has charged a defendant with one offense but evidence of multiple offenses are presented at trial. *State v. Brown*, 992 S.W.2d 389, 391 (Tenn. 1999). Where evidence of multiple offenses is introduced at trial, within a single count of the indictment or in an "open-dated" indictment, it is "the duty of the trial judge to require the State, at the close of its proof-in-chief, to elect the particular offense . . . upon which it would rely for conviction, and to properly instruct the jury so that the verdict of every juror would be united on the one offense." *See Burlison v. State*, 501 S.W.2d 801, 804 (Tenn. 1973). Our review reveals that the trial court complied with these requirements in this case.

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Hall*, 8 S.W.3d 593, 599 (Tenn. 1999). This rule applies to findings of guilty based upon direct evidence, circumstantial evidence, or a combination of both. *State v. Lewis*, 36 S.W.3d 88, 93 (Tenn. Crim. App. 2000) (citations omitted).

In determining the sufficiency of the evidence, this court shall neither reweigh or reevaluate the evidence, *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990), nor shall this court substitute its inferences for those drawn by the trier of fact. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999). Questions concerning the credibility of the witnesses, the weight and value of the evidence, and all factual issues raised by the evidence are resolved by the trier of fact. *Id*. This court must afford the State the strongest legitimate view of the evidence and all reasonable inferences drawn from it. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). A defendant, once convicted, is presumed guilty and bears the burden of proving that the evidence was insufficient. *Id*.

The Appellant was convicted of aggravated sexual battery, which is defined in relevant part as "unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances: . . . (2) The defendant causes bodily injury to the victim." T.C.A. § 39-13-504(a)(2) (2003). "Sexual contact" is defined as:

> The intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

T.C.A. § 39-13-501(6) (2003). "Intimate parts" include "the primary genital area, groin, inner thigh, buttock or breast of a human being." *Id*. at (2). Bodily injury "includes a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty." T.C.A. § 39-11-106(a)(2) (2003).

The evidence presented to the jury included the victim's testimony that she was dragged into her bedroom against her will and protests, had her clothes torn off, and was penetrated vaginally by the Appellant. She further testified that she did not want to have sex with the Appellant. Both Carl and the victim's sister testified that the Appellant physically forced the victim into the bedroom. Moreover, Carl stated that when he managed to get the bedroom door partially open, he saw the victim kicking the Appellant, who was on top of the victim. The victim also stated that the Appellant hurt her, and medical proof was presented that she had bruises, hematomas, and an anal tear. While we acknowledge that there were inconsistencies in the testimony presented, both among the various witnesses and within each individual witness's testimony, the jury is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. We will not revisit questions of witness credibility or reweigh the evidence produced at trial. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). The proof presented was more than sufficient for a reasonable jury

to have found the essential elements of the offense of aggravated sexual battery beyond a reasonable doubt. Tenn. R. App. P. 13(e). This issue is without merit.

## CONCLUSION

Based upon the foregoing, we conclude that the evidence is legally sufficient to support the Appellant's conviction for aggravated sexual battery. Accordingly, the judgment of conviction is affirmed.

_____
DAVID G. HAYES, JUDGE