IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## VIVIAN EARL McDANIEL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Fayette County**
**No.2792  J. Weber McCraw, Judge**

───────────────

**No. W2005-02806-CCA-R3-HC  - Filed January 18, 2007**

───────────────

The Petitioner, Vivian Earl McDaniel, filed a pro se petition for a writ of habeas corpus. The habeas court denied relief, and the Petitioner filed a timely notice of appeal. On appeal, the Petitioner contends that the convicting court lacked jurisdiction over him because he was improperly shuttled between state and federal custody in violation of the Interstate Agreement on Detainers. Finding no reversible error, we affirm the judgment of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Vivian Earl McDaniel, Leavenworth, Kansas, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I.  Facts**

This case arises from the Petitioner's appeal of the denial of his petition for a writ of habeas corpus. The record reflects that on August 9, 1983, Paul G. Summers, then the District Attorney General for Fayette County, Tennessee, sent a letter to John T. Callery, the United States Marshall at the Federal Correctional Institute in Memphis, Tennessee, where the Defendant was incarcerated. The letter informed that the Petitioner was charged in the 16th Judicial Circuit in the State of Tennessee and asked that a detainer be placed on the Petitioner for the purposes of a trial in the future. Summers acknowledged that "I understand that this information will serve as a detainer on them, and I hope that we can try this case no later than December 1983 in Fayette County." The record contains a letter from Summers to the Federal Correctional Institute in Memphis, Tennessee sent on February 9, 1984, informing that the Petitioner had been convicted of armed robbery, burglary, and aggravated kidnapping in December of 1983 and must serve seventy years in the Tennessee State Penitentiary after serving his Federal time. The record does not contain a copy of

the Petitioner's judgment or any other documentation regarding the proceedings at issue.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred in denying his petition for writ of habeas corpus. He argues that the convicting court in Fayette County, Tennessee lacked jurisdiction over him because he was improperly shuttled between state and federal custody in violation of the Interstate Agreement on Detainers. The State contends that the transfer of the Petitioner between Federal and State custody did not violate the Interstate Agreement on Detainers. The State also contends that, pursuant to Tennessee Code Annotated section 29-21-102 (2003)[1], the Petitioner is not entitled to relief because he is currently in Federal custody.

Article I, section 15 of the Tennessee Constitution guarantees its citizens the right to seek habeas corpus relief. In Tennessee, a "person imprisoned or restrained of [his or her] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101 (2003). The grounds upon which habeas corpus relief will be granted are very narrow. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004); State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). Therefore, in order to state a cognizable claim for habeas corpus relief, the petition must contest a void judgment. Id. "A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment . . . . A voidable judgment is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness." Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998) (citing Archer v. State, 851 S.W.2d 157, 161 (Tenn. 1993)). Thus, a writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the sentence of imprisonment or other restraint has expired. Archer, 851 S.W.2d at 164; Potts, 833 S.W.2d at 62.

The petitioner bears the burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired. State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. Because the determination of whether habeas corpus relief should be granted is a question of law, our review is

---

[1]This statute provides that:

> Persons committed or detained by virtue of process issued by a court of the United States, or a judge thereof, in cases where such judges or courts have exclusive jurisdiction under the laws of the United States, or have acquired exclusive jurisdiction by the commencement of suits in such courts, are not entitled to the benefits of this writ.

Because the record is incomplete, we find it unnecessary to address this issue on the merits.

de novo with no presumption of correctness.  Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000).

In the case under submission, the preponderance of the evidence fails to establish that the conviction is void or that the prison term has expired.  As previously discussed, Tennessee Code Annotated section 29-21-101 permits relief only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a sentence of imprisonment or other restraint has expired.  The record does not include a copy of the Petitioner's judgment or any documented evidence that the Petitioner was improperly shuttled between state and federal custody in violation of the Interstate Agreement on Detainers.  It is the duty of the Petitioner to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of his appeal.  Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983); State v. Gibson, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997); State v. Hopper, 695 S.W.2d 530, 537 (Tenn. Crim. App. 1985). When the record is incomplete, or does not contain the proceedings relevant to an issue, this Court is precluded from considering this issue.  In the case under submission, we must presume the actions of the trial court to be correct.  See State v. Young, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002). The Petitioner has failed to meet his burden of showing by a preponderance of the evidence that the conviction is void or that the prison term has expired.  Therefore, the Petitioner is not entitled to relief on this issue.

### III.  Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE