**STATE of Tennessee, Appellee,**

**v.**

**Eddie MORTON, Jr., Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 10, 1982.

Permission to Appeal Denied by Supreme Court May 10, 1982.

George C. Eblen, Shelbyville, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, James S. Kidd, Dist. Atty. Gen., Fayetteville, Barry White, Asst. Dist. Atty. Gen., Lewisburg, for appellee.

## OPINION

SCOTT, Judge.

The appellant was found guilty at a bench trial of unlawfully failing and refusing to stop his vehicle at the scene of an accident after damaging the personal property of Donald Gannon. He was fined $10.00 and sentenced to serve ninety days in the Bedford County Workhouse. The appellant sought a suspended sentence which was denied.

In this appeal the appellant has presented three issues for our consideration. In the first issue the appellant contends that he was twice placed in jeopardy for the same offense.

The appellant's case was set for trial on March 11, 1980. He appeared with a witness in his behalf but without counsel. No representative of the state appeared, and after waiting approximately thirty minutes, the trial judge dismissed the case "without prejudice for failure of the state to prosecute on the day this cause was set for trial".

Subsequently, the appellant was reindicted and tried for the same offense. At trial the appellant chose to represent himself. After his conviction he employed counsel, who raised the double jeopardy issue.

The appellant contends that at his court appearance on March 11, 1980, he entered a plea of not guilty and presented his testimony to the judge. The appellant contends that he understood that he was under oath at the time. However, the trial judge remembered that no witnesses were sworn and observed that there was no need to swear any witnesses for the defense since

the state had presented no evidence for the accused to rebut. The appellant's witness had no recollection of the appellant being sworn at the March hearing and testified that he himself never talked with the judge at all.

In *State v. Daniels,* 531 S.W.2d 795, 801–802 (Tenn.Cr.App.1975), the exact rule as to when jeopardy attaches in a non-jury trial is set forth as follows:

(W)hen a defendant is placed on trial (1) on an indictment, presentment (or other charging instrument), (2) before a court of competent jurisdiction, (3) before a competent judge who is present and ready to sit as a trier of the facts, (4) after a valid waiver is executed by the defendant, (5) after the entry of his plea, and (6) after the witnesses are sworn, whether they be sworn singly or in a group. We further specifically hold that if the above factors are present, then the hearing of testimony is not a prerequisite to the attachment of jeopardy.

In this case the trial judge specifically found from the testimony of the appellant and his witness, and his own recollection of the event, that the appellant was not sworn at the first court appearance. Therefore, jeopardy did not attach. The rule is firmly settled that the judge's findings upon questions of fact at a hearing on a motion are conclusive on this Court unless we find that the evidence preponderates against the lower court's judgment. *State v. Tate,* 615 S.W.2d 161, 162 (Tenn.Cr.App. 1981).

We hold that the evidence does not preponderate against the trial judge's findings. Rather, the evidence clearly points to the correctness of the judge's conclusion that the appellant was not sworn at the March hearing. Therefore, jeopardy did not attach. This issue has no merit.

In his second issue the appellant contends that the trial judge erred in denying him a new trial because his eyewitness was unavailable at trial.

A valid transcript of the evidence (formerly called the bill of exceptions) is absolutely essential for meaningful review of the testimony of the witness at trial, for under our procedure, it is the only document wherein those occurrences are recorded and preserved. *State v. Wilson,* 530 S.W.2d 766, 769 (Tenn.1975). If the case was not reported by a court reporter, a narrative transcript could have been prepared. Rule 24(c), T.R.A.P.

The nonindigent appellant has included no transcript of the trial in the appellate record. Hence, the importance of the missing witness cannot be determined. There is also no evidence in the record that the appellant sought a continuance in order to secure the presence of this witness. He testified that he sought no subpoena for the witness.

We are unable to find that there was error in proceeding without the presence of the witness, or that the court erred in refusing to grant a new trial because the witness was not present. Relief shall not be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error. Rule 36(a), T.R.A.P. This issue has no merit.

In the final issue the appellant contends that the trial judge erred in denying probation. He contends that the trial judge based his denial upon inadmissible evidence of prior arrests and convictions for minor traffic violations and upon the appellant's refusal to make restitution to the victim.

In denying probation the trial judge recited the following reasons:

1. The deterrent effect;
2. The Court finds the defendant deliberately and intentionally caused a tort;
3. The victim objects to probation; and,
4. The defendant deliberately misrepresented material facts to the Court especially in stating to the Court he did not have a prior arrest record; however, after his arrest record was produced in Court he admitted to the offenses listed on his arrest record including at least seven convictions

for traffic offenses including reckless driving and in addition thereto the defendant admitted having been convicted of "fighting".

The Court's judgment further recited that:

After the Court had ruled on the motion for a suspended sentence the Court stated that it would reconsider its decision and act favorably on the motion for probation if the defendant would make restitution for reasonable damages caused the victim and that in the event of a dispute over the damages the Court would determine the amount. Honorable George Eblen, Attorney for the defendant then stated that he would have to consult with his client and report their decision later in the day. Thereafter Mr. Eblen further reported to the Court that the defendant prefered (sic) to serve the 90 days in jail rather than make restitution to the victim in this case. Therefore the Court will not grant probation upon restitution being made as the defendant is not willing to make restitution.

The statutory criteria for determining whether an applicant is eligible for probation are: (1) the circumstances of the offense; (2) his criminal record; (3) his social history; (4) his present condition; and (5) deterrence. TCA § 40–2904(a)(1). The trial judge obviously considered these factors since he recited deterrence and the nature of the offense as reasons for the denial.

The offense occurred when the appellant, in order to get out of a parking space at a horse show, used his van to push an unattended parked car out into the street. The car was in the "park" gear, and received damages in excess of $1,200.00. The appellant drove away leaving the car sitting in a dangerous position in the street.

■ The trial judge expressed concern about the appellant's lack of truthfulness in his testimony. In deciding whether to grant probation, an applicant's truthfulness is a permissible factor for the court's consideration, along with the other criteria. *State v. Gautney,* 607 S.W.2d 907, 910 (Tenn.Cr.App.1980); *U.S. v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 2618, 57 L.Ed.2d 582 (1978).

■ A probation petitioner's record of traffic violations constitutes his "criminal record" and is indicative of his "social history", when the conviction under consideration is for a traffic-related misdemeanor. The trial judge properly considered the appellant's traffic record.

■ Contrary to the appellant's assertion, the record does not reveal that an agreement to make restitution was a condition precedent to the granting of a suspended sentence. The judgment clearly reveals that it was "after the court had ruled on the motion for a suspended sentence" that the possibility of restitution being paid was raised by the court. The appellant refused, so the trial judge simply allowed his prior judgment to stand. While it was unusual, there was no error in that procedure.

■ The fact that the victim objects to the granting of probation is not a valid ground for denial of a suspended sentence. The decision whether to grant probation can be made only by the trial judge and cannot be left to the victim or anyone else. TCA § 40–2901.

However, the other three grounds for denial of probation are fully supported by the record. There was no error in the denial of probation to the appellant.

Finding all of the issues devoid of merit, the judgment is affirmed.

WALKER, P. J., and DUNCAN, J., concur.