IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2007

**STATE OF TENNESSEE v. JOSEPH HALL**

**Direct Appeal from the Circuit Court for McMinn County**
**No. 05-379     R. Steven Bebb, Judge**

_____

**No. E2006-02403-CCA-R3-CD - Filed October 9, 2007**

_____

Following a jury trial, Joseph Hall was convicted of two counts of aggravated sexual battery. Defendant was sentenced to ten years for each count to run concurrently. On appeal, Defendant argues (1) the trial court erred by failing to require that the state provide defense counsel with taped forensic interviews of the victims; (2) the evidence was legally insufficient to convict Defendant of aggravated sexual battery; and (3) the trial court erred by failing to instruct the jury on the lesser included offense of attempted aggravated sexual battery. After a thorough review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and ROBERT W. WEDEMEYER, JJ. joined.

Charles Richard Hughes, Jr., District Public Defender; and William C. Donaldson, Assistant Public Defender, Madisonville, Tennessee, for the appellant, Joseph Hall.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Wylie Richardson, Assistant District Attorney General for the appellee, the State of Tennessee.

**OPINION**

**I. Background**

Defendant's convictions arose out of various incidents that occurred on or between December 26, 2003 and June 24, 2004. We will refer to the victims, C.L. and D.L., by their initials. C.L. was eight years of age and D.L. was nine years of age during this time period. Defendant was twenty-five and turned twenty-six. Defendant lived with this brother and sister-in-law near the victims' home in Englewood, Tennessee. Defendant and the victims testified that Defendant and the victims often played video games in a bedroom belonging to D.L. and an older brother in the victims' family. The

victims testified to numerous events where Defendant touched or rubbed their intimate parts. Defendant was indicted on two counts of aggravated sexual battery. Count one dealt with the allegations involving D.L. and count two dealt with the allegations involving C.L. The state in making its election of offenses for consideration by the jury, chose an incident where Defendant rubbed D.L.'s genitals for count one, and an incident where Defendant touched C.L.'s buttocks for count two.

D.L. was eleven at the time of the trial, and testified that he met Defendant in January or the spring of 2003. D.L. said that Defendant was good at a video game that D.L. was "trying to beat" and so D.L. asked Defendant for help in beating the game. .L. testified that Defendant played video games with C.L. and him on a regular basis. D.L. testified that during these times playing the video game Defendant touched his intimate parts two or three times. D.L. added that Defendant rubbed D.L.'s "wiener." D.L. further testified he saw Defendant touch C.L.'s intimate parts.

At the time of the trial C.L. was ten years of age, and testified that he met Defendant in 2003 and that Defendant lived near the victims' family. C.L. testified that Defendant began playing video games with D.L. and him on a regular basis. It was during this time, C.L. recalled, that Defendant touched his intimate parts nearly one hundred times. C.L. stated that Defendant touched his "wiener" and buttocks. C.L. further testified that he saw Defendant touch D.L. in an inappropriate manner on more than one occasion.

Both victims testified that Defendant gave them walkie-talkies as a gift sometime in late November or early December 2003. They also testified that they did not tell anyone about the touching because they had seen Defendant's guns and that they were scared of him.

Defendant testified in his own behalf at trial. Defendant testified that he did play video games with the victims on numerous occasions. He stated that they played the games in the bedroom because that was where the television and games were located. Defendant told police upon arrest that he did not touch either of the victims inappropriately and maintained this contention when he testified at his trial.

**II. Analysis**

A. The Child Advocacy Center Forensic Interview Videotapes

Defendant argues that the trial court erred by refusing to provide him with a copy of the victims videotaped statements at the Child Advocacy Center. Generally, a defendant is not entitled to any witness's statement (other than the defendant's statement) prior to trial. Tenn. R. Crim. P. 16. A defendant is usually entitled to a witness' statement, upon demand, after that witness has testified on direct examination at trial. Tenn. R. Crim. P. 26.2; *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957). Defendant made the proper motion to obtain the videotaped statement of C.L. However, Tennessee Code Annotated section 37-1-612 makes all reports of child sexual abuse confidential. Through enumerated exceptions, the statute provides access to the following:

(a) law enforcement officers investigating child sexual abuse; (b) the district attorney general; (c) grand jurors through power of a subpoena; (d) those engaged in genuine research and audits (although no identifying information regarding the subjects is made available unless absolutely essential to the research); and (e) probation officers or the like charged with presenting information in judicial or administrative proceedings; and (f) those treating the child. *State v. Gibson*, 973 S.W.2d 231, 244 (Tenn. Crim. App. 1997). Those accused of child sexual abuse are not among the exceptions to section 37-1-612. Furthermore, Tennessee Rule of Criminal Procedure 16 (a)(2) prohibits discovery and inspection of reports and other internal documents made by state agents in connection with the investigation and prosecution of the case. *Gibson*, 973 S.W.2d at 244; See also *State v. Clabo*, 905 S.W.2d 197, 201 (Tenn. Crim. App. 1995). The trial court denied the defense's request to see the videotapes of the victims' interviews based on this statute and rule.

Defense counsel, after the jury had been released to deliberate, was given the opportunity to put his concerns about the videotaped statement on the record. Defendant asked that the tapes be made part of the appellate record if there was a conviction. The judge told defense counsel that in the event of a conviction of aggravated sexual battery Defendant could make a motion to include the tapes as part of the appellate record in the motion for new trial. However, Defendant did not make that motion in the motion for new trial and the videotapes have not been included in the appellate record. Also, there is no transcript in the record of the motion for new trial hearing. It is the duty of the defendant to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of his appeal. Tenn. R. App. P. 24 (b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn.1983); *State v. Hopper*, 695 S.W.2d 530, 537 (Tenn. Crim. App. 1985); *State v. Wallace*, 664 S.W.2d 301, 302 (Tenn. Crim. App. 1983). When the record is incomplete, or does not contain the proceedings relevant to an issue, this Court is precluded from considering this issue. *Hopper*, 695 S.W.2d at 537; *State v. Morton*, 639 S.W.2d 666, 668 (Tenn. Crim. App. 1982); *State v. Hoosier*, 631 S.W.2d 474, 476 (Tenn. Crim. App. 1982). Furthermore, this Court must conclusively presume that the ruling of the trial court was correct in all particulars. *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981). Defendant contends that the trial judge erred by refusing to order the State to produce the videotapes of the victims' interviews at the Child Advocacy Center. The record available to us on appeal is incomplete; therefore, we cannot address whether the trial court erred. As a result, Defendant is not entitled to relief.

## B. Sufficiency of the Evidence

Defendant argues that the evidence presented at trial was insufficient to sustain a conviction for aggravated sexual battery. Defendant argues that the State failed to prove that he touched the victims' intimate parts for "sexual arousal or gratification."

At the time of the offense, Tennessee Code Annotated section 39-13-504 (2003) provided in pertinent part:

(a) Aggravated sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:

. . .

(4) The victim is less than thirteen (13) years of age.

Tennessee Code Annotated § 39-13-501(6) provided:

"Sexual contact" includes the intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

In reviewing Defendant's challenge to the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed.2d 560, 573 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id*.; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

Great weight is given to the jury verdict in a criminal trial; it accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The issue of whether the defendant touched the victims for sexual arousal or gratification is a question of fact to be determined by the jury. Further, T.C.A. § 39-13-501 (6) does not require that Defendant become sexually aroused or gratified, nor does it require that the touching result in sexual arousal or gratification. *See State v. Chisenhall*, No. M2003-00956-CCA-R3-CD, 2004 WL 1217118, at *4 (Tenn. Crim. App., at Nashville, Feb. 3, 2004) (No Tenn. R. App. P. 11 application filed). The statute merely requires touching that can be "*reasonably construed* as being for the purpose of sexual arousal or gratification." *Chisenhall*, 2004 WL 1217118 * 3 ; T.C.A. § 39-13-501(6); *See State v. Steven Webster*, No. W1999-00293-CCA-R3-

CD, 1999 WL 1097820, at *1-*2 (Tenn. Crim. App. Nov. 22, 1999), *perm. app. denied* (Tenn. June 19, 2000).

This Court in *State v. Cano*, No. M2004-02639-CCA-R3-CD, 2005 WL 2139406 at * 3 (Tenn. Crim. App., at Nashville, June 21, 2004), *perm. app. denied* (Tenn. Feb. 6, 2006), dealt with the issue of touching for sexual arousal or gratification. In *Cano*, the victim, who was under thirteen years of age, testified that the defendant in that case had touched her intimate parts on numerous occasions. *Id*. at *3. This Court held that it was within the jury's "prerogative" to accredit her testimony and "a rational trier of fact could also have found beyond a reasonable doubt that the defendant's conduct could be "reasonably construed as being for the purpose of sexual gratification." *Id*. at *3. In the instant case, the jury heard evidence of Defendant touching the victims while they were playing video games and accredited this testimony. This is well within the prerogative of the jury. This Court has held, "[W]e recognize that jurors may use their common knowledge and experience in making reasonable inferences from the evidence." *State v. Meeks*, 876 S.W.2d 121, 131 (Tenn. Crim. App. 1993). The verdict resolved any conflicts in favor of the state. *See State v. Sommerall*, 926 S.W.2d 272, 275 (Tenn. Crim. App. 1995). Accordingly, Defendant is not entitled to relief.

C. Jury Instructions

Defendant contends in his final argument that the trial court erred by not including in the jury charge an instruction of attempted aggravated sexual battery as a lesser included offense of aggravated sexual battery. Defendant did not raise this issue at trial, although the State did ask if the court was going to instruct as to attempted aggravated sexual battery and the court answered, "I don't think so." Defendant argues that because the only lesser included offense charged was simple assault, a Class B misdemeanor, the verdict of the jury was "compromised." Defendant claims that the verdict does not "assure substantial justice."

Our Supreme Court has held that if a "defendant fails to request an instruction on a lesser-included offense in writing at trial, the issue will be waived for purposes of plenary appellate review and cannot be cited as error in a motion for new trial or on appeal." *State v. Page*, 184 S.W.3d 223, 229 (Tenn. 2006). The *Page* decision reviewed T.C.A. § 40-18-110 (c) which reads:

> . . . [W]hen the defendant fails to request the instruction of a lesser included offense as required by this section, the lesser included offense instruction is waived. Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may be not presented as a ground for relief either in a motion for a new trial or on appeal.

Defendant did not submit a written request for the attempted aggravated sexual battery instruction; therefore, relief is not available unless this Court finds the omission of the instruction to have been plain error.

Plain error review is available when a substantial right of the defendant is at issue, regardless of whether the issue was raised at trial. Tenn. R. Crim. P. 52 (b). Our Supreme Court has adopted five factors to consider when reviewing an issue under plain error analysis. The factors are:

(a) the record must clearly establish what occurred in the trial court

(b) a clear and unequivocal rule of law must have been breached

(c) a substantial right of the defendant must have been adversely affected

(d) the accused must not have waived the issue for tactical reasons

(e) consideration of the error is necessary to do substantial justice

*State v. Smith* 24 S.W.3d 274, 282-83 (Tenn. 2000) (quoting *State v. Adkisson*, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). In order to find error in the omission, it must be "of such a great magnitude that it probably changed the outcome of the proceedings." *Adkisson*, 899 S.W.2d at 642.

In *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999), our Supreme Court outlined what constitutes a lesser included offense. The Court held in pertinent part, "an offense is a lesser included offense if: (c) [I]t consists of . . . (2) an attempt to commit the offense charged." *Burns*, 6 S.W.3d at 466-67. However, an attempt instruction does not have to be given by the trial court if the only proof presented at trial was proof of the completed crime. *State v. Biggs*, 218 S.W.3d 643, 658 (Tenn. Crim. App. 2006). In the instant case, the State elected to charge the incident of Defendant touching the buttocks of C.L. and the incident of Defendant rubbing D.L.'s penis. The victims testified that each of these events occurred and that Defendant did in fact touch the buttocks and penis of the victims, respectively. There was no evidence presented in the record that Defendant attempted to touch the victims and failed. Defendant's only claim was that he did not commit the offenses, not that he tried to and failed. The charged incidents were completed according to the evidence presented.

Defendant argues that because the incidents lasted a few seconds and Defendant stopped when the victims moved away or said no, that the jury would have convicted him of attempted aggravated sexual battery. There is no proof in the record that Defendant attempted to commit the crime of aggravated sexual battery and failed. Defendant is not entitled to relief based on the omission of the attempted aggravated sexual battery instruction.

**CONCLUSION**

After a thorough review of the record, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE.