IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 20, 2009

## JONATHON C. HOOD v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Franklin County**
**No. 17294    Thomas W. Graham, Judge**

---

**No. M2009-00661-CCA-R3-PC - Filed August 18, 2010**

---

Defendant, Jonathon C. Hood, appeals the dismissal of his motion to discharge fines. More specifically, he contends that because his sentence was expired, the trial court erred in dismissing the motion. The State argues that this Court does not have jurisdiction to hear this appeal because Rule 3 of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right from the denial of a motion to discharge fines. We agree. Additionally, the record is incomplete. Therefore, Defendant's appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Jonathon C. Hood, Clifton, Tennessee, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; J. Michael Taylor, District Attorney General; and William Copeland, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

## I. Background

From the very limited record in this case, it appears that Defendant was convicted in the Franklin County Circuit Court of driving while intoxicated and began serving his sentence in April of 2007. On February 19, 2009, Defendant filed a motion to discharge the fines from that conviction. The trial court denied the motion on March 10, 2009.

## II. Analysis

Initially, the State argues that the appeal in this case should be dismissed because Rule 3(b) of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right from the denial of a motion to discharge fines. We agree. "Unlike civil litigants, who have an appeal as of right from any final judgment, parties in criminal cases do not always have an appeal as of right under the Rules of Appellate procedure." *State v. Lane*, 254 S.W.3d 349, 352 (Tenn. 2008). Rule 3(b) states:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(I) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Because Rule 3(b) does not expressly provide that Defendant may appeal as of right the denial of a motion to discharge fines, this appeal should be dismissed. *See Lane*, 254 S.W.3d at 353. ("Rule 3(b) does not specifically enumerate that a defendant may appeal as of right a denial of a motion to modify a condition of probation."); *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005)(direct appeal of denial of a motion to correct an illegal sentence not authorized by Rule 3(b)); *State v. Alder*, 92 S.W.3d 397, 401 (Tenn. 2002) (No appeal as of right by State from a trial court's order expunging public records); *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998) (No appeal as of right by State from the trial court's decision to modify a defendant's sentence imposed pursuant to Tenn. R. Crim. P. 11(e)(1(C)).

Moreover, even if an appeal under Rule 3(b) was appropriate, we are precluded from considering the issue because the record is incomplete. There is nothing in the record to conclusively support Defendant's assertion that the trial court erred in denying his motion to discharge fines. It is Defendant's duty to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court which forms the basis of his

appeal. Tenn. R. App. P. 24(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). When the record is incomplete, or does not contain the proceedings relevant to an issue, this Court is precluded from considering this issue. *State v. Hopper*, 695 S.W.2d 530, 537 (Tenn. Crim. App. 1985); *State v. Morton*, 639 S.W.2d 666, 668 (Tenn. Crim. App. 1982); *State v. Hoosier*, 631 S.W.2d 474, 476 (Tenn. Crim. App. 1982). Furthermore, this Court must conclusively presume that the ruling of the trial court was correct in all particulars. *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983); *State v. Baron*, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); *State v. Jones*, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981). Although Defendant attached copies of the judgment and a TOMIS printout to his reply brief, we are precluded from considering these documents. This Court has repeatedly held that documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal. *See State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

Since the record available to us on appeal is incomplete, we cannot address whether the trial court erred. As a result, Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, Defendant's appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE