**STATE of Tennessee, Appellee,**

v.

**Aaron Jermaine WALKER, Appellant.**

Supreme Court of Tennessee,
at Knoxville.

Jan. 30, 1995.

Charles W. Burson, Atty. Gen. & Reporter, Nashville, Amy L. Tarkington, Asst. Atty. Gen., for appellee.

Donald Mart Lasley, Soddy–Daisy, for appellant.

## OPINION

O'BRIEN, Justice.

The appellant was indicted by the Hamilton County Grand Jury for the first degree murder of James Logan. Count one of the indictment charged an unlawful, intentional, deliberate and premeditated killing. Count two charged a reckless killing committed in the perpetration of, or attempt to perpetrate, a robbery. The jury found the appellant not guilty as to count one but returned a verdict of guilty as to count two. The appellant was sentenced to life imprisonment. Because the single issue raised concerns the constitutionality of Tennessee's felony murder statute, the appeal comes directly before this Court upon transfer from the Court of Criminal Appeals pursuant to T.C.A. § 16–5–108(c).

The events that culminated in the shooting death of the victim, James Logan, and the subsequent first degree felony murder conviction of the appellant, Aaron Jermaine Walker, are fundamentally undisputed. The appellant admits shooting the victim but alleges that the discharge of the murder weapon was inadvertent.

Although the sufficiency of the evidence is not at issue, a review of the established facts of the case is appropriate for a determination of the question raised by the appellant, that is whether T.C.A. § 39–13–202, as it relates to the felony murder rule, is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of the Tennessee Constitution.

Aaron Walker and co-defendant, Chandler Fitch, decided that they would rob a drug dealer.

The essentially uncontested testimony of two adult witnesses established that sometime around 11 p.m., on the night of March 20, 1992, co-defendant Fitch and the appellant arrived by automobile at the parking lot

of the Woodlawn Apartments in Chattanooga. They parked the vehicle, backing into the corner of the lot most distant from the apartments. The pair then walked across the lot to a corner nearer the apartments and positioned themselves by a large garbage dumpster. One eyewitness was seated on the cover of an electrical transformer located just in front of the dumpster. She was positioned facing away from the dumpster, looking out over the parking lot. The other eyewitness had an unobstructed view of the dumpster where Chandler Fitch and the appellant stood waiting for the victim.

Approximately one-half hour later, the victim, James Logan, joined the appellant and Fitch, apparently to inquire about purchasing crack cocaine. The three men then went behind the dumpster.

One witness testified that approximately five to ten minutes later he saw the victim being shoved from behind the dumpster by a man with one hand on the victim's shoulder and a handgun in the other. As the victim fell backward, the eyewitness saw the gun discharge and the victim fall to the ground. The gunman and Chandler Fitch then fled to their automobile at the far end the parking lot.

The appellant's trial testimony fundamentally corresponds to the witness's testimony.

The Hamilton County Medical Examiner testified that death was caused by a gunshot discharged into the victim's face from a distance of at least two feet from the victim.

■ The appellant attacks the constitutionality of the felony murder statute in Tennessee. He correctly states that a conviction of felony murder in the first degree requires only a showing of a reckless killing in the perpetration of an underlying felony and does not require premeditation, deliberation, and intent to kill. T.C.A. § 39–13–202(a)(2). However, he goes on to argue that by not requiring a finding of premeditation, deliberation, and intent to kill for a conviction of felony murder, a defendant charged with such a crime cannot rely on defenses afforded a defendant charged with any other form of first degree murder, such as accident, diminished capacity, insanity or self-defense.

He reasons that the denial of the aforementioned defenses, since they are available to other forms of first degree murder, but not felony murder, violates his due process rights. He insists that his conviction for first degree murder should be set aside and a sentence for second degree murder imposed.

This Court has previously considered the constitutionality of Tennessee's felony murder statute on this issue in *State v. Randolph*, 676 S.W.2d 943, 946 (Tenn.1984):

> [T]he felony-murder rule is generally controlled by statute. We decline to adopt a general rule that death occurring during or resulting from the commission of any felony shall automatically be deemed murder in the second degree regardless of the nature of the offense proscribed. Such a rule should be promulgated by legislation if it is to be adopted.

Similarly, this Court has further held that the General Assembly possesses the inherent capability to declare an act or conduct criminal without regard to intent. *See State v. Barber*, 753 S.W.2d 659, 671 (Tenn.1988), *cert. denied*, 488 U.S. 900, 109 S.Ct. 248, 102 L.Ed.2d 236 (1988). The statutory form of first degree murder committed while in the perpetration of a designated felony is a legitimate and constitutional legislative function. *State v. Hopper*, 695 S.W.2d 530, 535 (Tenn. Crim.App.1985). More recently, this Court addressed the constitutionality of the felony murder statute with regard to the death penalty as punishment for felony murder. *State v. Middlebrooks*, 840 S.W.2d 317, 335–337 (Tenn.1992), *cert. dismissed*, —— U.S. ——, 114 S.Ct. 651, 126 L.Ed.2d 555 (1993). The Court observed that the felony murder doctrine has been frequently and negatively criticized by courts and legal commentators who say that the intent to commit a felony is not equivalent to the other mental states associated with murder, and as a result of these criticisms, some jurisdictions have abandoned the doctrine. *Middlebrooks*, 840 S.W.2d at 337. Nonetheless, the vast majority of states that have the death penalty permit it to be imposed in cases of felony murder under some circumstances. *Id.*

The appellant's argument that there is insufficient evidence to prove deliberation is totally without merit. Under Tennessee's statutory definition of felony murder, the prosecution is not required to prove the elements of malice, deliberation and premeditation, or that the defendant intended to kill the victim. *Middlebrooks*, 840 S.W.2d at 336. The jury in this case was clearly afforded the opportunity to consider whether the acts committed by the appellant conformed to the mutually exclusive statutory definitions of murder in the first degree, the second degree, or criminally negligent homicide. The trial judge correctly charged the jury, explaining the requisite elements of each offense as well as the punishment prescribed.

The jury returned a constitutionally sound verdict of murder in the first degree as the result of a reckless killing in the perpetration of a robbery. We affirm the judgment of conviction and sentence imposed. Costs of this appeal are adjudged against the appellant.

ANDERSON, C.J., and DROWOTA, REID and BIRCH, JJ., concur.