IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2011

**JERRY W. DICKERSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Johnson County
No. 5730      Robert Cupp, Judge**

**No. E2011-00685-CCA-R3-HC - Filed December 12, 2011**

The petitioner, Jerry W. Dickerson, filed in the Johnson County Circuit Court a petition for a writ of habeas corpus. The habeas corpus court summarily dismissed the petition, and the petitioner appeals. Upon review of the record and the parties' briefs, we conclude that the habeas corpus court properly dismissed the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Jerry W. Dickerson, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on May 28, 1992, the petitioner was convicted in the Knox County Criminal Court of first degree felony murder and especially aggravated robbery. The trial court sentenced him to concurrent sentences of life and fifteen years, respectively. On direct appeal, this court affirmed his convictions. State v. Dickerson, 885 S.W.2d 90 (Tenn. Crim. App. 1993). The petitioner filed a petition for post-conviction relief, which the post-conviction court denied. On appeal, this court affirmed the post-conviction court. Jerry Whiteside Dickerson, No. 03C01-9710-CR-00472, 1998 Tenn. Crim. App. LEXIS 958 (Knoxville, Sept. 16, 1998). The petitioner filed two petitions for a writ of habeas corpus.

In the first petition, the petitioner argued that his convictions and sentences were void because "the trial record was improperly authenticated and contained inaccuracies." Jerry W. Dickerson v. State, No. E2003-02854-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 481, at *1 (Knoxville, June 1, 2004). The habeas corpus court dismissed the petition, and this court affirmed the lower court. Id. at *5. In his second petition, the petitioner argued that his sentences were void because "the trial court failed to instruct the jury regarding the affirmative defense of duress [and] . . . lesser included offenses . . . , the evidence is insufficient to support his convictions, the state failed to disclose exculpatory information, and the trial court erred in its admission of evidence." Jerry Dickerson v. State, No. E2007-01967-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 175, at *2 (Knoxville, Mar. 10, 2008). The habeas corpus court summarily dismissed the petition. Id. at *3. On appeal, this court again affirmed the habeas corpus court. Id. at *4.

On September 8, 2010, the petitioner filed a third pro se petition for a writ of habeas corpus, alleging that the trial court did not have jurisdiction over him because the first degree felony murder statute under which he was convicted was unconstitutional in that it "made 'murder' a crime without a finding of 'malice.'" The petitioner also alleged that he was entitled to habeas corpus relief because the indictments were defective, the trial court lacked authority to enter guilty pleas for him, and the trial court failed to instruct the jury properly.

The State filed a motion to dismiss the petition. The only issue the State addressed in the motion was the petitioner's claim that the felony murder statute was unconstitutional. According to the State's argument in the motion, the petitioner "seems to contend that the trial court lacked jurisdiction because the felony murder statute in place in 1991 did not require a culpable mental state." The State argued that the habeas corpus court should dismiss the petition because

> in State v. Barber, 753 S.W.2d 659, 671 (Tenn. 1988), the Tennessee Supreme Court considered and upheld the constitutionality of the pre 1989 felony murder statute, which did not contain a culpable mental state. In State v. Middlebrooks, 804 S.W.2d 317, 336 (Tenn. 1992), the Supreme Court reaffirmed its decision in Barber and upheld the constitutionality of the felony murder statute even though it did not contain a culpable mental state. Thus, the petitioner has not shown that the felony murder statute was unconstitutional, and the trial court did not lack jurisdiction to sentence him for the offense.

In a written order, the habeas corpus court found the State's motion to dismiss to be "well

taken" and granted the State's motion without further explanation. On appeal, the petitioner contends that this court should remand the case to the habeas corpus court for the appointment of counsel and a hearing on his claim.

## II. Analysis

Generally, the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The petitioner argues in his petition that the felony murder statute in effect at the time he committed the crimes, August 31, 1990, was unconstitutional because the 1989 Criminal Code eliminated the element of malice aforethought.[1] However, our supreme court has repeatedly stated that malice is not an element of felony murder. See State v. Walker, 893 S.W.2d 429, 431 (Tenn. 1995); State v. Bane, 853 S.W.2d 483, 487 (Tenn. 1993); State v. Middlebrooks, 840 S.W.2d 317, 336 (Tenn. 1992). Therefore, the petitioner is not entitled

---

[1] "Prior to the enactment of the 1989 Criminal Code, Tennessee had codified the common law felony murder rule under the first-degree murder statute. . . . The distinguishing feature of common law felony murder was that 'the premeditated intent to commit a felony or other criminal act [was], by implication of law, transferred from that offense to the homicide actually committed, so as to make the latter offense a killing with malice aforethought constituting murder in the first degree.'" State v. Gilliam, 901 S.W.2d 385, 389-90 (Tenn. Crim. App. 1995) (quoting Farmer v. State, S.W.2d 879, 883-884 (Tenn. 1956) (quoting Wharton on Homicide, 3rd Edition, § 119)).

to relief on this issue.

The petitioner also raises various issues in his petition regarding the sufficiency of the indictment. Typically, challenges to an indictment are not proper for a habeas corpus action. Haggard v. State, 475 S.W.2d 186, 187-88 (Tenn. Crim. App. 1971). However, our supreme court has held that "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes v. Compton, 978 S.W.2d 528, (Tenn. 1998). It is undisputed that a valid indictment is essential to establish jurisdiction for prosecution. Id. Generally, an indictment is valid if the information contained therein provides sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). Moreover, our supreme court has concluded that there is no need to conform to traditionally strict pleading requirements which are fraught with empty technicalities. Id. at 727-28.

At the time of the crimes, felony murder was defined as the "reckless killing of another committed in the perpetration of, or attempt to perpetrate any first degree murder, arson, rape, robbery, burglary, theft, kidnapping or aircraft piracy." Tenn. Code Ann. § 39-13-202(a)(2) (1989). Robbery was defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." The robbery was especially aggravated if accomplished with a deadly weapon and the victim suffered serious bodily injury. Tenn. Code Ann. §§ 39-13-401(a), -403(a) (1989).

In the Knox County Criminal Court indictment, which the petitioner attached to his petition, felony murder was charged as follows:

> The Grand Jurors for the State of Tennessee, upon their oaths, present that . . . JERRY WHITESIDE DICKERSON, ALIAS . . . , heretofore, to-wit: On or about the 31st day of August, 1990, in the State and County aforesaid, did unlawfully and recklessly kill Michael R. White during the perpetration of a felony, to-wit: A Robbery, in violation of T.C.A. 39-13-202, and against the peace and dignity of the State of Tennessee.

Especially aggravated robbery was charged as follows:

> And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that . . . JERRY WHITESIDE DICKERSON, ALIAS . . . , heretofore, to-wit: On or about the

-4-

31st day of August, 1990, in the State and County aforesaid, did unlawfully, intentionally, knowingly, by violence, and by putting Michael R. White in fear, by the use of a deadly weapon, to-wit: A Handgun, take from the person of Michael R. White, a quantity of good and lawful money of the United States of America, the further kinds, types, descriptions and denominations thereof to the Grand Jurors unknown, jewelry, and other items to the Grand Jurors unknown, valued at more than One Thousand ($1,000.) Dollars but less than Ten Thousand ($10,000.) Dollars, and Michael R. White suffered serious bodily injury as a result, in violation of T.C.A. 39-13-403, and against the peace and dignity of the State of Tennessee.

The indictment detailed the facts of the crimes and specifically referred to the felony murder and especially aggravated robbery statutes. The indictment gave the petitioner sufficient notice of the charged offenses. See Tenn. Code Ann. § 40-13-202. Therefore, he is not entitled to relief.

As to the petitioner's claim that the judgments of conviction are void because the trial court lacked authority to enter guilty pleas for him, the judgment of conviction forms attached to the petition incorrectly reflect that the petitioner pled guilty to the offenses. However, clerical errors may be corrected at any time and do not void a judgment. See Tenn. R. Crim. P. 36; Randall Edwin Cobb v. State, No.W2004-00156-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 148, at *7 (Jackson, Feb. 18, 2005). Regarding the petitioner's claim that he was entitled to habeas corpus relief because the trial court failed to properly instruct the jury, allegations regarding jury instructions render judgments voidable, not void, and, therefore, are not cognizable claims for habeas corpus relief. Jerry Dickerson, No. E2007-01967-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 175, at *2.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the habeas corpus court's dismissal of the petition.

_____
NORMA McGEE OGLE, JUDGE